UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FAGNER CHAVES DE LIMA,<br><br>    Defendant | CRIMINAL No. 22-CR-40016-MRG |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Now comes the United States and files it sentencing memorandum in the above-captioned matter. The government believes that the agreed-upon sentence described in the plea agreement of 41 months in prison, 36 months of supervised release and a special assessment of $100 is "sufficient, but not greater than necessary," to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). This sentence is a guidelines sentence.

**FACTUAL BACKGROUND**

The facts underlying the defendant's offense are set forth in the Presentence Investigation Report ("PSR") at Paragraphs 7-24.

**ARGUMENT**

*A. The Nature and Circumstances of the Defendant's Crime Are Serious*

The defendant's crime of smuggling illegal immigrants into the United States from Brazil is a serious crime especially in light of the immigration crisis facing our country today. As described in the PSR, between September 2021 and June 2022, the defendant illegally smuggled Brazilians into the United States at a cost of between $10,000 and $15,000. PSR, ¶ 9. The defendant communicated with his customers by WhatsApp and he coordinated airfare, ground transportation and accommodations for his customers. PSR, ¶¶ 8, 9. Records from Wells Fargo

and Zelle show travel-related charges through accounts controlled by the defendant for his customers.  PSR ¶ 10.

Even though the defendant operated his illegal smuggling business for less than a year, the evidence shows that he smuggled about 345 people into the United States.  PSR ¶ 30.  That is 345 people in a 9-month period and equates to about 60 people per month that the defendant smuggled into the United States.

    B.  *The Defendant's Characteristics – Concealment, Threats and Motivated by Money*

The defendant engaged in various means to conceal his smuggling operation from authorities.  This included creating false travel documents and false marriage certificates.  PSR ¶ 11.  He even encouraged his customers to pretend to be related to each other so that United States immigration agents would feel bad for them, and the defendant's customers would not be sent back to Brazil.  PSR ¶ 11.  In addition, the defendant instructed his customers as to various locations to cross into the United States to avoid detection by immigrations agents, describing his arrangement as "entering through the back door."  PSR ¶¶ 12, 14.

The defendant also engaged in misleading conduct with his customers.  As set out in the PSR, in certain instances, the defendant demanded full payment from his customers while they were *en route* to the United States contrary to earlier agreements whereby the customers had agreed to pay after they arrived in the United States.  PSR ¶ 13.  In other instances, the defendant actually required customers to deed properties for his benefit in exchange for him smuggling them into the United States.  PSR ¶ 13.  In one instance the defendant threatened a customer, "You are in the United States and the money agreed is not here.  They will beat you like a dog."  PSR ¶ 14.  The defendant put his customers at great risk through his smuggling operation.  Customers faced possible injury and had to pass through mountain areas where there was not adequate food or water.  PSR ¶ 16.

2

As described in the PSR, the defendant also participated in an undercover operation whereby he agreed to smuggle an individual from Brazil into the United States for an individual who was actually a law enforcement officer.  PSR ¶¶ 18-24.  The defendant's willingness to enter this arrangement shows that he was motivated by money and willing to break the law for his own interests.  The defendant boasted to the undercover officer that he had been involved in smuggling individuals for 20 years and that he would smuggle individuals regardless of if they had a visa or were wanted by authorities. PSR ¶ 20.  The defendant charged the undercover agent $15,000 for the smuggling operation, which was divided into two $7,500 checks to the defendant's company, United Hood Services.  PSR ¶ 23.

## SENTENCING GUIDELINES

The government agrees with the PSR's calculation of an offense level 22 and CHC I. (PSR, at 17).   As described in the PSR, there are several specific offense characteristics that apply to this case, to which the defendant has agreed as part of his plea agreement.  First, the defendant received a two-level enhancement because the number of individuals that the defendant smuggled is 345 individuals and therefore more than 100 individuals.  PSR, ¶ 30. Second, the defendant received a two-level enhancement for creating a substantial risk of bodily injury or death by instructing his customers to cross at illegal border crossings, including mountainous terrain and areas where they did not have access to water or food.  PSR, ¶ 31.  In addition, the defendant is subject to a two-level enhancement for involuntarily coercing and threatening his customers by demanding payments from them greater than originally agreed upon while the customers were traveling from Brazil to the United States.  PSR, ¶ 32.

**CONCLUSION**

The government believe that the agreed-upon resolution of 41 months in prison, 36 months of supervised release and a special assessment of $100 is "sufficient, but not greater than necessary," to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).

                                          Respectfully submitted,

                                          JOSHUA S. LEVY
                                          Acting United States Attorney

By:   /s/ John T. Mulcahy
        John T. Mulcahy
        Assistant United States Attorney
        617/748-3641

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

                      By:    /s/ John T. Mulcahy
                               John T. Mulcahy
                               Assistant United States Attorney

Date: August 11, 2023